**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**KELVIN SETTLE,**                                                                                    **PETITIONER**
Reg. # 26754-044

**VS.**                            **NO. 2:10CV00153 DPM/BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                                         **RESPONDENT**

**RECOMMENDED DISPOSITION**

I.     **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

1

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

II.   **Background**:

On August 6, 2008, a jury found Petitioner Kelvin Settle guilty of conspiring to distribute and possessing with intent to distribute crack cocaine. *Settle v. United States*, No. 4:09CV385 JCH, 2009 WL 1028280, at *1 (E.D. Mo. April 16, 2009).  On the date of sentencing, October 30, 2008, Mr. Settle signed a sentencing agreement waiving his right to file either a direct appeal or a motion under 28 U.S.C. § 2255. *Id*.  The same day, he was sentenced to 120 months' imprisonment in the Bureau of Prisons ("BOP"), to be followed by ten years of supervised release.  This sentence was the minimum term of imprisonment possible under 21 U.S.C. § 841(b)(1)(A)(ii)(II). *Id*.  Mr. Settle did not appeal his sentence.

On March 9, 2009, Mr. Settle submitted a document to the Eastern District of Missouri titled "Petition for Second or Successive Motion Pursuant to 28 U.S.C. § 2244 and Rule 52(b)." *Id*.  The Court construed the document as a motion to vacate under 28 U.S.C. § 2255 and ordered Mr. Settle to file an amended motion.  He filed an amended motion on March 23, 2009, raising three grounds for relief: (1) the prosecutor withheld exculpatory evidence; (2) he was denied the opportunity to challenge undisclosed evidence at sentencing; and (3) the jury was not informed as to the length of the

mandatory minimum sentence. *Id*. In an order dated April 16, 2009, the District Court denied the motion because Mr. Settle had not challenged the sentence on direct appeal and, therefore, was procedurally barred from bringing the motion. Further, the Court found, Mr. Settle had not presented evidence to overcome his procedural default by establishing cause for the default and actual prejudice or actual innocence.[1] *Id*. On May 26, 2009, the Eighth Circuit Court of Appeals denied Mr. Settle's application for a certificate of appealability to challenge the District Court's order denying his motion to vacate, set aside, or correct his sentence. *Settle v. U.S.*, No. 09-2096 (8th Cir. Filed May 11, 2009)

On October 1, 2010, Mr. Settle filed the current petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #1) For the reasons that follow, the Court recommends that the District Court dismiss the petition without prejudice.

## III.   Jurisdiction:

Mr. Settle filed his petition under 28 U.S.C. § 2241, asking this Court to vacate his sentence. He claims that he is entitled to this relief because, under the recent United States Supreme Court decision in *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009), evidence presented to the jury at his trial should have been suppressed as

---

[1] The Court also noted that the motion should be dismissed because a waiver of collateral attack rights is enforceable so long as the waiver is made knowingly and voluntarily. Mr. Settle did not allege that his waiver was either unknowing and involuntary. *Id*.

unconstitutionally obtained. (#1) His claim for relief, however, must be brought before the trial court under 28 U.S.C. § 2255.

A federal inmate who wishes to challenge his conviction or sentence generally must file a motion to vacate, set aside, or correct, under 28 U.S.C. § 2255, with the sentencing court. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A petition under 28 U.S.C. § 2241, on the other hand, attacks the *execution* of a sentence; that is, the manner in which the sentence is being carried out. A § 2241 petition may be brought in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. Here, Mr. Settle asks this Court, not the Court that sentenced him, to vacate his sentence. (#1 at p. 13)

Mr. Settle did not file a direct appeal of his conviction. The trial court denied his first § 2255 motion, and the Eighth Circuit Court of Appeals denied him a certificate of appealability to challenge that decision. Because the sentencing court has already denied relief, this Court cannot entertain this § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

The "savings clause" in 28 U.S.C. § 2255 provides that a petition under § 2241, "shall not be entertained if it appears that the applicant has failed to apply for relief, by

[§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

To take advantage of the savings clause, then, a petitioner must show that relief under 28 U.S.C. § 2255 is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).

Under Eighth Circuit precedent, the fact that a petitioner can no longer file a § 2255 motion for procedural reasons is not enough to establish that relief under § 2255 is inadequate or ineffective so as to allow a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907 (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)). Further, the § 2255 remedy is not inadequate or ineffective because the claim was previously raised in a § 2255 motion and rejected, or because it was barred by the statute of limitations. *Id*. Finally, a motion under § 2255 is not inadequate or ineffective merely because the court has denied petitioner permission to file a second or successive petition. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003)(citing *Lurie*, 207 F.3d at 1077).

Mr. Settle argues that, in this case, a § 2255 motion is inadequate or ineffective because the sentencing court denied his previous motion without considering the Supreme Court case of *Arizona v. Gant*. (#1 at p. 12) The fact that the trial court denied the

5

motion to vacate without considering *Gant*, however, does not establish that a § 2255 motion is inadequate or ineffective. If Petitioner is to pursue the relief he requests from this Court, he must file a motion under 28 U.S.C. §§ 2244(b)(3) and 2255(h) in the appropriate court of appeals, in this case the Eighth Circuit Court of Appeals, requesting permission to file a second or successive § 2255 petition with the trial court. Petitioner here has not met his burden to proceed under the § 2255 savings clause, and this Court cannot entertain his petition brought under 28 U.S.C. § 2241.

### IV.     Conclusion:

Because the Court lacks subject matter jurisdiction over Kelvin Settle's petition for writ of habeas corpus, this Court recommends that the District Court DISMISS his petition (#1), without prejudice.

DATED this 19th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE